# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JULIA SOLIZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2785 |
| | § | |
| ASSOCIATES IN MEDICINE, P.A., | § | |
| and Ricky Taylor | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the court is plaintiff's motion for leave to file expert witness disclosure.  Dkt. 25. Upon consideration of the parties' arguments and the applicable law, the court is of the opinion that the motion should be DENIED.

## BACKGROUND

On August 30, 2006, Julia Soliz ("Soliz"), the plaintiff in this case, filed suit against Associates in Medicine, P.A. ("AIM") and Ricky Taylor ("Taylor"), the defendants in this case, for damages she suffered as a result of age discrimination, assault, and wrongful termination.  Dkt. 1. The court entered its rule 16 scheduling order governing the case on January 22, 2007.  Dkt. 13.  The rule 16 order set April 1, 2007 as the deadline by which "[e]xpert witnesses for plaintiff/counter-plaintiff shall be identified by a report listing the qualifications of each expert, each opinion the expert will present, and the basis for each opinion." *Id.*  Likewise, defendants' expert designations were due by May 1, 2007.  *Id.*  AIM timely designated experts on April 23, 2007.  Dkt. 16.  Soliz never designated any experts and now asks this court for leave to designate expert witnesses late,

whose testimony would relate to the economic damages sustained by Soliz as a result of AIM's

conduct and reasonable attorney's fees.  Dkt 25 at 7.

ANALYSIS

Rule 16(b) of the Federal Rules of Civil Procedure governs the scheduling and management

of the court's docket.

> [T]he district judge . . . shall, after receiving the report from the parties under Rule
> 26(f) or after consulting with the attorneys for the parties . . . enter a scheduling order
> that limits the time (1) to join other parties and to amend the pleadings; (2) to file
> motions; and (3) to complete discovery . . . A schedule shall not be modified except
> upon a showing of good cause and by leave of the district judge.

FED R. CIV. P. 16(b).  The Fifth Circuit "gives the trial court 'broad discretion to preserve the integrity

and purpose of the pretrial order.'" *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)

(quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)).  When determining whether to

exclude expert testimony that has been improperly designated, the court should consider "(1) the

explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential

prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."

*Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman*, 893

F.2d at 791)).

**A.      The Explanation**

Soliz argues that the failure to designate the proposed expert witnesses timely was the result of

excusable neglect.  The legal assistant to Soliz's counsel entered the dates of the rule 16 order into an

electronic calendar maintained on counsel's computer.  Due to compatibility problems with the rest of

the firm's computers, counsel had to replace his computer with a different one.  During the transfer of

counsel's electronic files and calendar items to the new computer, he inadvertently failed to calendar the

2

expert designation deadline set forth in the order. The calendering system automatically provides advance notification of upcoming deadlines and counsel routinely relies on this system to keep track of and provide notice of upcoming deadlines.

Contrary to Soliz's argument, however, a scheduling mistake is not a satisfactory explanation for which relief may be granted. *Geiserman*, 893 F.2d at 791; *Sturgeon v. Airborne Frieght Corp.*, 778 F.2d 1154, 1158 (5th Cir. 1985); *Curtis v. State Farm*, No. Civ.A. H-03-1025, 2004 WL 1621700, at *8 (S.D. Tex. Apr. 29, 2004). In *In re Johns-Manville,* the court concluded that, absent extraordinary circumstances, attorney inadvertence is not excusable neglect. *In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2nd Cir. 2007). The court does not find that this is the type of extraordinary circumstance sufficient to constitute excusable neglect. Accordingly, the court finds that Soliz's explanation was not a result of excusable neglect and therefore the first factor weighs against plaintiff.

**B.     The Importance of the Testimony**

Soliz argues that the damages portion of her case depends heavily on the proposed expert witness's testimony and that it will be very difficult for her to establish the past and future economic damages she has sustained without that testimony. The other expert witness is requested in order to testify about reasonable and necessary attorney's fees, and Soliz also argues that it will be difficult for her to establish this element of her damages without the testimony.

The Fifth Circuit has taken two divergent paths on the question of witness importance. The *Geiserman* formulation would argue that the more important the witness, the more important the need to have designated the witness properly. *Geiserman*, 893 F.2d at 791-92. Applying that principle to Soliz's argument, that without the expert testimony it will be very difficult for her to establish the damages she has sustained, argues strongly against granting the instant motion. Conversely, the Fifth

3

Circuit has also commented recently on the irony of the court's application of *Geiserman*. *Betzel v. State Farm Lloyd's*, 480 F.3d 704, 707-08 (5th Cir. 2007).  In *Betzel*, the court there argued that the more important the witness, the more the factor weighs in favor of late designation.  *Id.*  However, the court also noted that "the importance of such proposed testimony cannot *singularly* override the enforcement of local rules and scheduling orders." *Id.* at 708.  Following *Betzel*, the proposed testimony of the expert witnesses' is very important to Soliz's case and therefore the importance factor weighs in favor of plaintiff.

**C.      The Potential Prejudice**

Soliz argues that the defendants will not be prejudiced if the court allows her to designate  the expert witnesses late.  Soliz contends that the defendants will have adequate opportunity to depose and to seek discovery regarding the proposed expert witnesses.  She also contends that there is sufficient time before the August 31, 2007 docket call for the defendants to prepare and to file any motions. Additionally, Soliz maintains that she will make every reasonable accommodation that the defendants request regarding discovery and presenting the proposed expert witnesses for deposition.

Rather than filing this motion immediately upon receiving AIM's designation of expert witnesses on April 23, 2007, Soliz filed this motion on July 5, 2007, three weeks before the discovery deadline of July 31, 2007.  AIM argues that it would not be able to conduct the necessary expert discovery adequately in this short amount of time.  Additionally, AIM contends that it designated its experts in reliance on Soliz's non-designation and that to allow this late designation would force AIM to re-designate experts to counter the opinions of Soliz's experts.  Additionally, AIM has already filed a dispositive motion.  Therefore, AIM will be prejudiced both in terms of trial strategy and costs of preparing yet another dispositive motion.  The Fifth Circuit law on the prejudice prong consistently holds

4

that such concerns are substantial.  *Betzel*, 480 F.3d at 708; *Geiserman*, 893 F.2d at 791-92.  Therefore, the court finds that in light of the time, effort, and expense that would be incurred by the defendants, the prejudice would be significant.  Accordingly, the third factor weighs against plaintiff.

**D.     The Availability of a Continuance**

Soliz argues that a continuance will give AIM the opportunity it needs to depose the proposed expert witnesses, to file any challenges, and to make any preparations that AIM needs to rebut the proposed expert witnesses.

The Fifth Circuit urges the district courts to view continuances with favor as a cure for late designated witnesses.  *Betzel*, 480 F.3d at 708.  However, part of the purpose of denying a continuance is to "deter future dilatory behavior."  *Betzel*, 480 F.3d at 709.  It should be noted that AIM timely filed its designations of experts on April 23, 2007, a copy of which was served on  plaintiff on April 23.  Despite this, plaintiff did not file the motion pending before the court until July 5, 2007.  When plaintiff received the defendants' designation of experts, that should have acted as a reminder that plaintiff's expert designations were due.  However, plaintiff waited over two months after receiving the defendants' expert witness designation to file the instant motion.  Had plaintiff filed the instant motion immediately after the missed deadline, instead of waiting until three weeks before the discovery deadline, the defendants might have been more amenable to the request because there would still have been adequate time for discovery.  Granting a continuance now would force the defendants to incur more costs.  Equity would hardly seem to support such a result.  Accordingly, the court finds that the fourth prong weighs against a continuance and plaintiff.

CONCLUSION

Soliz has asked this court to allow her to designate not one, but two experts late.  Dkt. 25.  The

5

fact that the proposed testimony of these experts is important to plaintiff's case cannot singularly override the enforcement of the scheduling order.  Based on plaintiff's explanation and the prejudice that would result to the defendants, the court will not allow plaintiff to designate experts late.   Accordingly, plaintiff's motion for leave to file expert witness disclosure is DENIED.

It is so ORDERED.

Signed at Houston, Texas on July 25, 2007.

_____
Gray H. Miller
United States District Judge